UNITED STATES BANKRUPTCY COURT                    FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:
                                                  Case No. 05-87534-ast
Thomas A. Marandos ,
                                                  Chapter 7
                                Debtor.
----------------------------------------------------------------x
Marc A. Pergament, Trustee for the Estate of
Thomas A. Marandos ,
                                Plaintiff,        Adv. Pro. No. 06-8458-ast

                - against -

Thomas A. Marandos

                                Defendant.
----------------------------------------------------------------x


**APPEARANCES:**

> Marc A. Pergament, Esq.
> Chapter 7 Trustee
> 400 Garden City Plaza
> Garden City, New York  11530
>
> Robert C. Reichelscheimer, Esq.
> Kalb & Rosenfeld
> Attorneys for Debtor/Defendant
> 283 Commack Road
> Commack, New York  11725

HON. ALAN S. TRUST, United States Bankruptcy Judge:


## MEMORANDUM OPINION

This is an action by the Chapter 7 Trustee seeking to revoke the Debtor's discharge, pursuant to 11 U.S.C. §§105 and 727(d)(3).  Trial was held before this Court on July 18, 2008.

<u>Findings of Fact and Conclusions of Law</u>

The following, along with the oral findings of fact and conclusions of law stated on the record at the ruling conference held on July 30, 2008, constitute this Court's findings of fact and conclusions of law made pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

<u>Jurisdiction</u>

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§157(b)(2)(c) and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

<u>Procedural History</u>

Thomas A. Marandos (the "Debtor"), filed his Chapter 7 Petition on October 6, 2005.  Marc A. Pergament was duly appointed as the Chapter 7 Trustee (the "Trustee"). Debtor obtained his discharge by Order entered on February 28, 2006.  The Trustee commenced this adversary proceeding on December 8, 2006, seeking to revoke the discharge granted to the Debtor.

<u>The Trustee's Claims</u>

The Trustee requests the court revoke the Debtor's discharge under 11 U.S.C. §§105 and 727(d)(3), arguing that Debtor has willfully refused to comply with a lawful order of this Court and has deliberately wasted an asset of this estate.  The following facts relate to these allegations[1]:

•       Prior to the commencement of this case, Debtor was involved in a divorce
        proceeding with his former spouse, Deborah A. Marandos, a/k/a Deborah A.

---

[1]  The parties have either stipulated to these facts in their Joint Pre-Trial Memorandum [Docket No. 21], or did not controvert the evidence of same at trial.

Stack ("Stack"), in Suffolk County, New York.

- The parties had entered into a divorce settlement (the "Stipulation") under which, *inter alia*, Debtor was required to pay Stack spousal maintenance of $500 every two weeks, and child support of $758 every two weeks, beginning prior to the petition date (the "Support Payments").

- By a Decision and Order entered June 20, 2005 (the "Divorce Order"), Stack was granted title to the former marital residence, subject to a distributive share of $53,925 in favor of Debtor ("Debtor's Distributive Interest").

- Also pursuant to the Divorce Order, to the extent Debtor did not make any Support Payments, Stack was entitled to a credit against Debtor's Distributive Interest.

- After five (5) years, Debtor would be entitled to his Distributive Interest plus three percent (3%) interest, less any offsets for unpaid Support Payments.

- After the petition date, the Trustee obtained an Order of this Court, dated November 1, 2006, directing Debtor to turn over to the Trustee all past due, current and prospective monthly Support Payments owed and to be owing to Stack until June 30, 2010 (the "Turnover Order"). The Turnover Order then authorized the Trustee to pay the Support Payments in full to Stack.

Significantly, no provision in the Turnover Order allows for the Trustee to keep any portion of the Support Payments. Moreover, no provision in the Turnover Order allows for the Trustee to surcharge Stack for the estate's costs and expenses in seeking, obtaining and/or enforcing the Turnover Order. The Turnover Order does, however, authorize the Trustee to enforce the Turnover Order before this Court, the Suffolk County state court, or any other court of competent jurisdiction.

The Turnover Order was entered approximately eight months after the Debtor obtained his discharge. This adversary proceeding was filed on December 8, 2006, a mere thirty-eight (38) days after entry of the Turnover Order. No evidence presented to the Court shows any enforcement actions undertaken by the Trustee before this Court,

the Suffolk County court, or any other court before or after the filing of this adversary proceeding.

At trial, Debtor, the sole witness, testified that since the entry of the Turnover Order, he was at times employed and at times unemployed. Debtor further testified he made a series of payments directly to Stack, and that, by virtue of the state court's enforcement techniques, he has had unemployment benefits and earned wages involuntarily paid to Stack. Debtor conceded he has not paid any payments directly to the Trustee under the Turnover Order.

The Court finds Debtor credible as to his trial testimony and adopts such as part of its findings. The Court further finds that Debtor has not purposefully rendered himself unemployed or underemployed. The Court also finds that Debtor has not misused or "frittered away" monies that reasonably could have been used to pay Stack or the Trustee. This finding is based, in part, on Debtor's testimony that he liquidated an exempt IRA to make the Support Payments to Stack.

Additionally, the Court finds that Debtor was in default of his Support Payments as of the petition date and as of the time of trial. As provided in the Stipulation and the Divorce Order, this default entitles Stack to exercise her offset right against the Debtor's Distributive Interest.

Furthermore, the Court finds and concludes, as conceded by the Trustee, that the Turnover Order did not alter or impair the Debtor and Stack's rights vis-a-vis each other. In other words, the Turnover Order simply made the Trustee a conduit for the collection of the Support Payments and provided an additional court, this Court, for enforcement thereof. Consequently, this Court did not alter or impair Stack's rights of setoff or offset.

The issue, then, is whether Debtor's discharge should be revoked for his failure to make monetary payments that he was unable to make, and his failure to pay the Trustee rather than pay Stack directly, based upon an order that was not in effect prior to the Debtor receiving his discharge.

Based on the evidence submitted and the totality of the circumstances, this Court concludes that the Debtor's discharge should not be revoked, and that the Trustee has not met his burden of proving that Debtor's discharge should be revoked.

<u>Legal Analysis</u>

Revocation of a discharge is an extraordinary remedy.  <u>In re Bowman</u>, 173 B.R. 922, 924 (9th Cir. B.A.P. 1994); <u>Keeffe v. Natalie</u>, 337 B.R. 11, 13 (N.D.N.Y. 2006).  The Trustee has the burden of proof to demonstrate a discharge should be revoked, but only by a preponderance of the evidence. <u>See</u> <u>Keeffe</u>, 337 B.R. at 13; <u>In re Colish</u>, 289 B.R. 523, 526 (Bankr. E.D.N.Y. 2002); <u>In re Wolfson</u>, 139 B.R. 279 (Bankr. S.D.N.Y.1992).

The Trustee is correct that under §727(a)(6), a discharge could be denied where a debtor has refused to obey a lawful order of the court during the pendency of the case. However, denial of a discharge under §727(a)(6) is within the discretion of the Court.  <u>In re Demar</u>, 373 B.R. 232, 240 (Bankr. E.D.N.Y. 2007); <u>In re Beeber</u>, 239 B.R. 13, 31 (Bankr. E.D.N.Y. 1999).  Both <u>Demar</u> and <u>Beeber</u> cite to <u>In re Kokoszka</u>, 479 F.2d 990, 997 (2d Cir. 1973), <u>cert.</u> <u>granted</u> <u>sub</u> <u>nom.</u> <u>Kokoszka v. Belford</u>, 94 S.Ct. 721 (1973), <u>aff'd</u> 94 S.Ct. 2431 (1974), <u>reh'g</u> <u>denied</u>, 95 S.Ct. 160 (1974).  <u>Kokoszka</u> is a case decided under the Bankruptcy Act, in which the Second Circuit noted the then-referee in bankruptcy had discretion to grant or deny a discharge where an order of the court has not been followed.

This Court notes, but does not reach, the issue of whether the Trustee is entitled to seek to revoke the Debtor's discharge based upon facts which were or should have been known to the Trustee prior to the Debtor obtaining his discharge on February 28, 2006.  Some courts have refused to revoke a discharge based on facts known to a party-in-interest prior to the discharge being granted.  <u>Keeffe</u>, 337 B.R. at 13 (§727(d)(2)).  <u>See</u>, <u>In re Puente</u>, 49 B.R. 966, 968 (Bankr. W.D.N.Y. 1985).  Here, the Debtor's divorce, the Debtor's obligation to make Support Payments, and the existence of Debtor's Distributive Interest were disclosed in his Schedules filed October 6, 2005, (Trial Ex. 11, questions B18 and E), and Statement of Financial Affairs (Trial Ex. 11, Questions 5, 10).

Based on the timing of events and the evidence presented, this Court could draw an inference as to what knowledge the Trustee had of the Support Payments, the Debtor's Distributive Interest, and the Divorce Order prior to the Debtor receiving his discharge, but declines to do so.  Similarly, the Court declines to second guess the Trustee exercising his business judgment in seeking and obtaining the Turnover Order, and, thereby, potentially elevating Stack from a pre-petition creditor holding setoff or offset rights under 11 U.S.C. §553, to priority creditor status. [2]

---

[2] Stack would hold a first priority claim under §507(a)(1) if this were a post-BAPCPA case. However, since this case was filed on October 6, 2005, it is a pre-BAPCPA case and is analyzed as such.

## The §727(d)(3) Claim

The parties submitted two issues to this Court in the Joint Pre-Trial Memorandum [Docket No. 21, pp. 2,3]:

> First, did Debtor "willfully refuse to comply with the Turnover Order," and
>
> Second, is Debtor's Distributive Interest "being wasted due to the deliberate refusal of the Debtor to make timely Support Payments to Stack."

The Court finds and concludes the answer to both questions is no.  Debtor has not willfully or intentionally refused to comply with the Turnover Order in violation of §727(b)(6) or §727(d)(3).  Debtor, in many instances, had funds properly but involuntarily taken from him and paid to Stack through either the Suffolk County Office of Child Support and/or the New York State Child Support Enforcement Division.  Certainly, the Trustee could not assert Debtor willfully violated this Court's Turnover Order when a state or local agency intervened and enforced the Support Payments.  The Court further concludes that the Trustee did not prove intentional waste of an asset of the estate.

In order to revoke Debtor's discharge, this Court would have to conclude that Debtor willfully or intentionally refused to comply with the Turnover Order.  See Demar, 373 B.R. at 241.  The Trustee did not meet his burden of proof under §727(d)(3).  Moreover, this case is not the extraordinary case where a debtor's discharge should be revoked.

## The §105 Issue

This Court declines to conclude that it could and should invoke its equitable powers to revoke Debtor's discharge. The Court recognizes the breadth and reach of

§105(a) as discussed by the United States Supreme Court in <u>Marrama v. Citizens Bank of Massachusetts</u>, 127 S. Ct. 1105, 1112 (2007), under which this Court has "broad authority" to take any action that is necessary or appropriate to prevent an abuse of process.  However, first, it is not at all clear that §105(a) expands the statutory bases expressly set out in the Bankruptcy Code to revoke a discharge under §727(d). Second, even if §105(a) should be so read, this Court concludes that the evidence before this Court is wholly inadequate to exercise the equitable power of §105(a) to implement such an extraordinary remedy as revoking this Debtor's discharge.

<u>Conclusion</u>

All relief sought by the Trustee is denied.  A separate judgment hereon will be entered.

Dated:  Central Islip, New York
           July  30, 2008

<u>s/ Alan S. Trust</u>
Alan S. Trust
United States Bankruptcy Judge